UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 4:06-cr-3 |
| v. | ) | *Judge Mattice* |
| | ) | |
| ANDRE RASHAD SUTTON | ) | |

**MEMORANDUM**

Before the Court is Defendant's Andre Sutton's ("Defendant") Objections to the Report and Recommendation ("R&R") filed by United States Magistrate Judge William B. Mitchell Carter. Defendant filed his Motion to Suppress Evidence [Court File No. 11] which the Court referred to Magistrate Judge Carter for the purpose of conducting an evidentiary hearing if necessary and making a report and recommendation pursuant to 28 U.S.C. §636(b)(1). On August 24, 2006, Judge Carter issued his report and recommendation and recommended that Defendant's Motion be denied [Court File No. 31].

Defendant filed his objection to the R&R within the 10-day period, arguing the recommended ruling incorrectly concludes that the officer in question had probable cause to believe a traffic violation had occurred. It was the stop of Defendant's vehicle based on said traffic violations which resulted in the search and seizure of evidence which the defendant now seeks to suppress.

For the following reasons, the Court will **ACCEPT** and **ADOPT** the Magistrate Judge's R&R and will **DENY** Defendant's Motion to Suppress Evidence.

**I.     STANDARD OF REVIEW**

This Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's Findings or Recommendations.  28 U.S.C. §636(b)(1)(C).

**II.    FACTS**

On July 27, 2006, an evidentiary hearing was held before Magistrate Judge Carter on the Defendant's Motion to Suppress Evidence.  Officer Tim Miller of the Lincoln County Sheriff's Department and the Seventeenth Judicial District Drug Task Force was the only witness to testify.  In his R&R, Magistrate Judge Carter recounted at some length the facts developed at the evidentiary hearing. [R&R at 1-4].  Magistrate Judge Carter found Officer Miller to be a credible witness and found no reason to discredit his testimony *(Id.* at 5).  Defendant has not objected to the Magistrate Judge's statement of Relevant Facts *per se*.  Rather, the Defendant challenges the Magistrate Judge's ultimate conclusion that the Relevant Facts as found constitute probable cause.  The Defendant has not requested that the Court hold another evidentiary hearing on his instant motion and, based on a careful review of the R&R, the Court finds no reason to do so.  Therefore, the Court will **ACCEPT** and **ADOPT** by reference the Magistrate Judge's statement of Relevant Facts in his R&R [Court File No. 31, pp. 1-4].

**III.   ANALYSIS**

Defendant Sutton insists that the true purpose of Officer Miller's stop on the evening in question "was to stop an individual who was suspected of being a cocaine dealer," and not, as Officer Miller testified, to investigate the traffic violations which he witnessed.   As

the Defendant concedes, however, "[i]f a law enforcement officer has probable cause to believe that a traffic violation is occurring, he may stop the vehicle." [Defendant's Objections to the Court and Recommendation, Court Doc. No. 32 at 2] (citing *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769 (1996); *United States v. Ferguson*, 8 F.3d 385, 391. (6th Cir. 1993)).

In *Whren v. United States*, 517 U.S. 806, 116, S.Ct. 1769 (1996), the Supreme Court held that a law enforcement officer's actual motives are irrelevant in determining whether a traffic stop is improper. As long as the officer has probable cause (or even reasonable suspicion) to make a stop, the fact that the reason given is pretextual does not affect the validity of the stop for purposes of the Fourth Amendment. The U.S. Court of Appeals for the Sixth Circuit announced the test for determining when a traffic stop should be deemed unlawfully pretextual in *United States v. Ferguson*, 8 F.3d 385 (6th Cir. 1993). In that case, the Sixth Circuit announced that "[w]e hold that so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." *Id*. at 391.

It is clear that on the evening in question, Officer Miller had sufficient probable cause to stop Defendant's vehicle. Accordingly, and pursuant to *Whren* and the *Ferguson* test, the issue of whether the real reason for the stop was Officer Miller's knowledge that the Defendant was "suspected of being a cocaine dealer," is irrelevant for purposes of the motion before it.

## IV.  CONCLUSION

Because Officer Miller had probable cause to stop the Defendant's vehicle on the evening in question, the search and seizure of evidence which Defendant now seeks to suppress was valid within the meaning of the Fourth Amendment to the United States Constitution.  Accordingly, and for the reasons set forth herein, the Court will **ACCEPT** and **ADOPT** the Magistrate Judge's Report and Recommendation [Court File No. 31] pursuant to 28 U.S.C. §363(b)(1)(C) and the Defendant's Motion to Suppress Evidence [Court File No. 11] will be **DENIED**.

A separate order will enter.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE